IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-42-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| TYAAN LAMOND JOYE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to amend presentence report and motion to reduce sentence (DE 62). Upon careful review of the motion and the record in this case, the court has determined that defendant's motion must be recharacterized as a successive petition attacking defendant's conviction and sentence, and thus it must be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255(h); Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003); United States v. Gardner, 132 F. App'x 467, 468 (4th Cir. 2005) (noting that prior dismissal of habeas motion as untimely triggers bar against successive habeas applications); Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (same).

Before defendant can file a successive § 2255 application in the district court, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). A successive petition "must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added).

Contrary to defendant's suggestion, Federal Rule of Criminal Procedure 36 does not provide the court with jurisdiction to make changes in defendant's presentence report due to judicial or substantive error. United States v. Vanderhorst, ___ F.3d ___, No. 18-6225, 2019 WL 2588541, at *2 (4th Cir. June 25, 2019) (contrasting a district court's jurisdiction to correct what is "purely a clerical error in a judgment, order, or other part of the record —like . . . scrivener's or recording errors" with "judicial and substantive errors"). Likewise, while the court commends defendant for his post-judgment rehabilitation efforts, the court lacks jurisdiction to reduce defendant's sentence on this basis.

Accordingly, the instant motion is DISMISSED.

SO ORDERED, this the 27th day of June, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge