IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-42-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYAAN LAMOND JOYE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion (DE 64) for reconsideration of the court's June 27, 2019, order denying defendant's previous motion to amend presentence report to correct an asserted clerical error. Upon careful review of the motion and the record in this case, the court has determined that defendant's motion again must be recharacterized as a successive petition attacking defendant's conviction and sentence, and thus it must be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255(h); Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003).

Contrary to defendant's suggestion, Federal Rule of Criminal Procedure 36 does not provide the court with jurisdiction to make changes in defendant's presentence report where the asserted error, as here, is a judicial and substantive error in the nature of an alleged improper classification of a prior conviction for purposes of a sentencing enhancement. See United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019) (contrasting a district court's jurisdiction to correct what is "purely a clerical error in a judgment, order, or other part of the record —like . . . scrivener's or

recording errors" with "judicial and substantive errors"). Accordingly, the court lacks jurisdiction to reduce defendant's sentence on this basis.

Accordingly, the instant motion is DISMISSED.

SO ORDERED, this the 8th day of November, 2019.

                                          LOUISE W. FLANAGAN
                                          United States District Judge